# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Donald Smolinski, | Case No. |
| Plaintiff, | |
| v. | |
| Michael Oppenheimer<br>14754 Frontier Court, Suite 107<br>Burnsville, MN 5533 | **COMPLAINT** |
| and | |
| Weinerman & Associates, LLC<br>c/o CT Corporation System<br>208 S. LaSalle Street, Ste 814<br>Chicago, IL 60604 | **Jury Demand Requested** |
| Defendants. | |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant Weinerman & Associates, LLC (õWeinermanö) is a corporation with its principal place of business in the State of Minnesota.

6- Upon information and belief, Defendant Michael Oppenheimer (õOppenheimerö) manages, controls, and/or owns all or parts of Defendant Weinerman.

1

7- Unless specifically indicated, the term õDefendantö shall herein refer collectively to Defendants Oppenheimer and Weinerman.

8- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

9- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

10- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

11- On or around July 20, 2011, Defendant telephoned Plaintiff about the Debt.

12- During this communication, Defendant false represented that Plaintiff committed a õFirst Payment Defaultö regarding the Debt.

13- During this communication, Defendant threatened to have a lawsuit field against Plaintiff in one week if the Debt was not paid.

14- During this communication, Defendant falsely represented that, because this was a õFirst Payment Defaultö situation, there would be a presumption of defrauding the creditor, and that Plaintiff could go to jail.

15- During this communication, Defendant suggested that Plaintiff call the Cook County Sheriff to learn to other penalties associated with a õFirst Payment Defaultö situation.

16- During this communication, Defendant threatened that there would be õsevere penaltiesö if Plaintiff did not pay the Debt.

17- Defendant damaged Plaintiff.

18- Defendant violated the FDCPA.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the debt.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(5) by threatening to take action that it could not legally take.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(5) by threatening to take action that it did not intend to take.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(10) by making false representations during the collection, or attempted collection, of a debt.

## COUNT IV

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

## JURY DEMAND

29- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30- Plaintiff prays for the following relief:

a.  Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
59 W. Jackson Avenue, Suite 709
Chicago, IL 60604
Tel: 312/242-1849
Fax: 312/242-1841
richard@meierllc.com
*Attorney for Plaintiff*