**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD SMOLINSKI** | ) | **Case No. 11 CV 7005** |
| | ) | |
| **Plaintiff,** | ) | **Honorable Joan B. Gottschall** |
| **v.** | ) | |
| | ) | |
| **MICHAEL OPPENHEIMER and** | ) | |
| **WEINERMAN & ASSOCIATES, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' EMERGENCY MOTION TO VACATE DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER OR OTHERWISE PLEAD TO COMPLAINT

Defendants Michael Oppenheimer and Weinerman & Associates, LLC (collectively referred to herein as "Defendants"), by and through their attorneys, Swanson, Martin & Bell, LLP, and for their Emergency Motion to Vacate the Default Order entered by this Court on November 16, 2011 pursuant to FRCP 60(b)(1). In support of their Motion, Defendants state:

### BASIS FOR EMERGENCY MOTION

1. This Motion is being brought on an emergency basis on grounds that the Defendants only just recently became aware of a default judgment entered against them respectively. The prove-up hearing is set for December 7, 2011.

2. Given the upcoming Thanksgiving Holiday and the related Court closures, Defendants need to assure that this Motion will be heard prior to the Prove-up hearing on December 7, 2011.

### INTRODUCTION & ARGUMENT

3. Plaintiff Donald Smolinski ("Smolinski") filed the above-captioned matter on October 4, 2011 and alleges various violations of the Fair Debt Collection Practices Act against Defendants relating to a collections call to Smolinski on or about July 20, 2011.

1

4. According to Court records, the summons and complaint were served on Weinerman & Associates on or about October 5, 2011. Michael Oppenheimer was served with the summons and complaint on or about October 11, 2011.

5. On or about November 7, 2011, Plaintiff filed a Motion for Default Judgment, which was granted on November 16, 2011. Prove-up of damages is currently set to be presented on December 7, 2011

6. Defendants now are seeking to vacate the November 16, 2011 Default Order pursuant to Federal Rule of Civil Procedure 60(b)(1). In addition, Defendants respectfully request leave to file appearances on behalf of the Defendants and to Answer or otherwise plead to Plaintiff's Complaint.

7. FRCP 60(b)(1) states in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect..." *Fed R. Civ. P.(60)(b)(1)*. "A litigant seeking to vacate a default judgment must show that he has (1) good cause for the default; (2) that he has taken quick action to remedy the default; and (3) that he possesses a meritorious defense." *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 507 (N.D.Ill. 1995).

8. In the present matter, there is excusable neglect by Defendants such that it would be appropriate to vacate the November 16, 2011 Default Order. Furthermore, keeping with the opinion in *Guess ?, Inc.*, Defendants have taken quick action in an effort to remedy the default order. Lastly, as set forth below, Defendants have a meritorious defense to Plaintiff's claims.

9. No parties will be prejudiced by an Order vacating the November 16, 2011 Default Order.

2

**A. Defendants have a good cause for the Default.**

10. Attached hereto as Exhibit A is the affidavit of Anthony Renteria a/k/a Michael Oppenheimer, Director of Litigation Services at Weinerman & Associates, LLC.

11. As set forth in the Affidavit, Defendants were served with the summons and complaint in October 2011. (Aff. at ¶ 4).

12. As is customary, Renteria prepared a file and forwarded the same to the Chief Financial Officer for Weinerman & Associates, Thomas Lieferman, so that Mr. Leiferman may coordinate with counsel in Illinois in defense of the Complaint. (Aff. at ¶ 5).

13. Unfortunately, in this instance, the file created by Mr. Renteria and forwarded to Mr. Leiferman was misplaced amongst other documents prior to Mr. Leiferman's review of the file. (Aff. at ¶ 6).

14. Accordingly, Mr. Leiferman never reviewed the file and was not able to forward the same onto its counsel in Illinois. (Aff. at ¶ 7).

15. Given that Mr. Renteria did not hear anything from Mr. Leiferman regarding the file in this matter, Mr. Renteria, as is his custom, believed that the file had been forwarded to Illinois counsel by Mr. Leiferman. (Aff.at ¶¶ 8-9).

16. Mr. Oppenheimer did not receive notice of the Motion to Default via U.S. Mail, as suggested in the Certificate of Service attached to Plaintiff's Motion for Default. (Aff. at ¶ 10).

17. Any and all notices served on Weinerman & Associates, LLC were served on its registered agent, CT Corporation, in Chicago, Illinois. To the extent that the Notice of the Motion for Default was served on CT Corporation on or about November 7, 2011, as suggested in the docket report, Weinerman & Associates, LLC was not notified of the Motion until late the next week, after the Hearing date with regards to the same.

3

18. Attached hereto, as Exhibit B is the intake document created when CT Corporation received the Notice of Motion and Motion for Default. The document clearly sets forth that, while the envelope was postmarked November 7, 2011, it was not received until eight (8) days later, on November 15, 2011.

19. It is clear that Weinerman & Associates' registered agent did not receive the Notice and Motion for Default until one (1) day prior to the Hearing on the same.

20. In this instance, Defendants received the Notice and Motion and the Default Order within a day of one another.

21. The miscommunication in the offices and the misplacement of the file created by Mr. Renteria is excusable neglect sufficient to support a Motion to Vacate a Default Order under FRCP 60(b)(1).

22. The delay in service of the Motion for Default until less than 1 day prior to the hearing constitutes excusable neglect under FRCP 60(b)(1).

23. The probable failure of Plaintiff to timely serve CT Corporation with the Notice of Motion and Motion to Default in the manner suggested by the Certificate of Service such that Defendants were unaware of and thus unable to defend the Motion for Default constitutes excusable neglect in accordance with FRCP 60(b)(1).

24. Given the manner in which Defendants have responded to the notification of the November 16, 2011 Default Order (as set forth below), and the meritorious defense to Plaintiff's claims, it would be in the interest of equity to vacate the November 16, 2011 Default Order and allow Defendants an opportunity to respond to the Complaint.

**B. Defendants have taken immediate action to remedy the default.**

25. It was not until the afternoon of November 18, 2011, when Weinerman received the Default Judgment Order that Defendants knew that its file had been misplaced and that it had not arranged for the file to be forwarded to Illinois Counsel.

26. By Tuesday, November 22, 2011, Defendants had retained Illinois counsel to (1) move to vacate the November 16, 2011 Default Order; (2) file an appearance; and (3) Answer or otherwise plead to Plaintiff's Complaint.

27. Within twenty-four (24) hours after retention, this Motion to Vacate the Default and for Leave to Answer or Otherwise Plead to Plaintiff's Complaint was filed.

28. There have been less than three (3) business days between learning of the Default judgment and the filing of this Motion to Vacate. All told, it has been less than seven (7) calendar days between the Default Order and this Motion.

29. Given the amount of time between receiving the Default Order and the initiation of this Motion, it is clear that Defendants acted in good faith in a concerted effort to vacate the November 16, 2011 Default Order.

**C. Defendants have a Meritorious Defense to Plaintiff's Claims**

30. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Anila Fabriques de Colarants v. Aakash Chemical and Dyestuffs*, 856 F.2d 873, 879 (7th Cir. 1988) *quoting Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986).

31. In the present matter, Defendants have (and given the opportunity shall make) several defenses to Plaintiff's claims – all of which are meritorious.

32. First, Plaintiff's recital of the July 21, 2011 telephone discussion is not accurate.

33. Plaintiff's Complaint inaccurately states that that Defendants falsely characterized Plaintiff's default as a "First Payment Default." Mr. Smolinski's default was, in fact, a first payment default. (Aff. at ¶ 15).

34. Given that it was, despite Plaintiff's allegations, a first payment default, much of the alleged dialogue in the July 21, 2011 telephone call does not run afoul of the Fair Debt Collection Practices Act.

35. That being said, at no point did Mr. Oppenheimer mention, allude to, or insinuate the possibility of jail time for Mr. Smolinski. (Aff. at ¶ 16).

36. Furthermore, Mr. Oppenheimer categorically denies that he ever "threatened" a lawsuit or other severe penalties as to Mr. Smolinski. (Aff. at ¶ 17).

37. Given that this was, in fact, a first payment default, Plaintiff's allegations – all of which are based on the misinformation that this was not a first payment default – are defensible and will necessitate a factfinder to make a determination. Accordingly, Defendants have a meritorious defense to Plaintiff's claim.

WHEREFORE, Defendants Michael Oppenheimer and Weinerman and Associates, LLC respectfully request that this Court grant this Motion to Vacate the November 16, 2011 Judgment Order, thereby striking the December 7, 2011 prove-up date and allow Defendants until November 30, 2011 to file their Answer or otherwise plead to Plaintiff's Complaint.

Date: November 23, 2011

MICHEL OPPENHEIMER and
WEINERMAN & ASSOCIATES, LLC


/s/ Troy Sphar
One of their Attorneys

Joseph Kincaid (ARDC: 6202639)
Troy M. Sphar (ARDC: 6278497)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Ave., Suite 3300

6

Chicago, IL 60611
(312) 321-9100

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on November 23, 2011, a copy of the foregoing **Defendants' Motion to Vacate Default Judgment and Request for Leave to File Answer or Otherwise Plead to Complaint** was filed with the Clerk of the Court of the Northern District of Illinois electronically, notice of which will be sent by operation of the Court's electronic filing system.

By: /s/ Troy Sphar_____

Troy Sphar

# EXHIBIT A

State of Minnesota )
                          ) ss.
County of Dakota )

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DONALD SMOLINSKI | ) | Case No.  11 CV 7005 |
| | ) | |
|      Plaintiff, | ) | Honorable Joan B. Gottschall |
| v. | ) | |
| | ) | |
| MICHAEL OPPENHEIMER and | ) | |
| WEINERMAN & ASSOCIATES, LLC | ) | |
| | ) | |
|      Defendants. | ) | |

## AFFIDAVIT OF TONY RENTERIA IN SUPPORT OF DEFENDANTS'
## EMERGENCY MOTION TO VACATE DEFAULT JUDGMENT

I, Tony Renteria, a/k/a Michael Oppenheimer, state that the following is true and correct to the best of my knowledge:

1. I am the Director of Legal Services for Weinerman & Associates, LLC. I have been in my current position for four (4) years.

2. "Michael Oppenheimer" is the registered alias that I use for collection purposes.

3. I am now aware of a Default Judgment being entered against Michael Oppenheimer and Weinerman & Associates on November 16, 2011.

4. I acknowledge receiving the Summons and Complaint in the above-referenced matter in October, 2011.

5. As is customary, I prepared a file and forwarded the same to the Chief Financial Officer for Weinerman & Associates, Thomas Lieferman, so that Mr. Leiferman may coordinate with counsel in Illinois in defense of the Complaint.

6. Unfortunately, in this instance, the file I had forwarded to Mr. Leiferman was misplaced amongst other documents prior to Mr. Leiferman's review of the file.

1

7. Accordingly, Mr. Leiferman never reviewed the file and was not able to forward the same onto Weinerman & Associates' counsel in Illinois.

8. Given that I did not hear anything from Mr. Leiferman regarding the file in this matter, I believed that the file had been forwarded to Illinois counsel by Mr. Leiferman.

9. This belief is based on the ordinary procedures at Weinerman & Associates when a file is created.

10. I did not receive notice of the Motion to Default via U.S. Mail, as suggested in the Certificate of Service attached to Plaintiff's Motion for Default. To this date I have not received any Notice of the Motion for Default.

11. Any and all notices served on Weinerman & Associates, LLC were served on its registered agent, CT Corporation, in Chicago, Illinois. To the extent that the Notice of the Motion for Default was served on CT Corporation on or about November 7, 2011, as suggested in the docket report, Weinerman & Associates, LLC was not notified of the Motion until late the next week, after the Hearing date with regards to the same.

12. Attached hereto as Exhibit 1 is a copy of the Service of Process Transmittal created by CT Corporation on November 15, 2011 with respect to this matter and a true and accurate copy of the envelope showing a postmark of November 7, 2011.

13. Despite the indication that the Motion for Default was sent on November 7, 2011, it was not received by our registered agent until the day before the hearing. As such, Weinerman & Associates did not receive the Motion and Notice of the same until on the date of or after the presentment of the Motion to Default.

14. I made the telephone call to Donald Smolinski on July 21, 2011.

15. Plaintiff's Complaint inaccurately states that that Defendants falsely characterized Plaintiff's default as a "First Payment Default." Mr. Smolinski's default was, in fact, a first payment default.

16. At no point did I mention, allude to or insinuate the possibility of jail time for Mr. Smolinski.

17. I categorically deny that I ever "threatened" a lawsuit or other severe penalties as to Mr. Smolinski.

FURTHER AFFIANT SAYETH NOT

TONY RENTERIA
a/k/a MICHAEL OPPENHEIMER

Signed and Sworn before me
This 23rd day of November, 2011

Notary Public

RACHEL J LINK
Notary Public
Minnesota
My Comm Expires
Jan 31 2015

3

# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
11/15/2011
CT Log Number 519475746

**TO:** Mark Bugni
Weinerman & Associates, LLC
13754 Frontier Court, Suite 107
Burnsville, MN 55337

**RE:** **Process Served in Illinois**

**FOR:** WEINERMAN & ASSOCIATES, LLC (Domestic State: MN)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donald Smolinski, Pltf. vs. Michael Oppenheimer, etc. and Weinerman & Associates, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Certificate(s), Motion, Declaration, Proposed Order |
| **COURT/AGENCY:** | Northern District of Illinois - U.S. District Court - Eastern Division, IL Case # 111CV7005 |
| **NATURE OF ACTION:** | Notice of Motion for Entry of Default Against Defendants |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/15/2011 postmarked on 11/07/2011 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | November 16, 2011 at 9:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Richard J. Meier
Meier LLC
59 W. Jackson Avenue
Suite 709
Chicago, IL 60604
312-242-1849 |
| **ACTION ITEMS:** | Telephone, Mark Bugni , 952-388-0448
SOP Papers with Transmittal, via  Fed Ex 2 Day , 795407505125 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  2 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Richard J. Meier, Esq.
Meier LLC
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604



CHICAGO IL 606

07 NOV 2011 PM 7 T

Weinerman & Associates, LLC
c/o CT Corporation System
208 S. LaSalle Street, Ste 814
Chicago, IL 60604

60604+1135

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
11/15/2011
CT Log Number 519475746

**TO:** Mark Bugni
Weinerman & Associates, LLC
13754 Frontier Court, Suite 107
Burnsville, MN 55337

**RE:** **Process Served in Illinois**

**FOR:** WEINERMAN & ASSOCIATES, LLC (Domestic State: MN)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donald Smolinski, Pltf. vs. Michael Oppenheimer, etc. and Weinerman & Associates, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Certificate(s), Motion, Declaration, Proposed Order |
| **COURT/AGENCY:** | Northern District of Illinois - U.S. District Court - Eastern Division, IL Case # 111CV7005 |
| **NATURE OF ACTION:** | Notice of Motion for Entry of Default Against Defendants |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/15/2011 postmarked on 11/07/2011 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | November 16, 2011 at 9:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Richard J. Meier Meier LLC 59 W. Jackson Avenue Suite 709 Chicago, IL 60604 312-242-1849 |
| **ACTION ITEMS:** | Telephone, Mark Bugni , 952-388-0448 SOP Papers with Transmittal, via Fed Ex 2 Day , 795407505125 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 2 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Richard J. Meier, Esq.
Meier LLC
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604

CHICAGO IL 606

07 NOV 2011 PM 7 T

Weinerman & Associates, LLC
c/o CT Corporation System
208 S. LaSalle Street, Ste 814
Chicago, IL 60604

60604+1135