## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD SMOLINSKI** | ) | **Case No. 11 CV 7005** |
| | ) | |
| **Plaintiff,** | ) | **Honorable Joan B. Gottschall** |
| **v.** | ) | |
| | ) | |
| **MICHAEL OPPENHEIMER and** | ) | |
| **WEINERMAN & ASSOCIATES, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(1) AND FRCP 12(B)(6)

Defendants Michael Oppenheimer (registered alias of Tony Renteria) and Weinerman & Associates, LLC (collectively referred to herein as "Defendants"), by and through their attorneys, Swanson, Martin & Bell, LLP, moves to Dismiss Counts I through V of Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). In support of their Motion, Defendants state:

### INTRODUCTION

Plaintiff Donald Smolinski ("Smolinski") filed the above-captioned matter on October 4, 2011 and alleges various violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants relating to a single collections call to Smolinski on or about July 20, 2011. On or about December 22, 2011, Defendants submitted an Offer of Judgment to Plaintiff which exceeded the statutory amounts under the FDCPA plus reasonable attorneys' fees as determined by this Court. A true and accurate copy of Defendants' Offer of Judgment is attached hereto as Exhibit A. On or about December 27, 2011, Plaintiff, through his counsel, rejected the Offer of

Judgment. Defendants now move to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1) and FRCP 12(b)(6).

15 U.S.C. § 1692k(a)(2)(A) states that "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of... in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). Plaintiff has been offered – and has rejected – a settlement offer exceeding the amount that he may recover for a violation of the FDCPA. Plaintiff does not stand to recover any damages more than what has been offered. The offer and subsequent rejection of the statutory limits moots Plaintiff's claims and divests this Court of its Subject Matter Jurisdiction, and, as such, this matter should be dismissed pursuant to FRCP 12(b)(1). Further, to the extent that Mr. Smolinski is claiming actual damages, he has not pled with any sufficiency any causes of action, let alone a factual predicate, that would give rise to such a demand. In fact, he has not pled any claims, other than the violation of the FDCPA. Taking all of his allegations as true, there is not a single fact, other than a request for actual damages in his 'wherefore' clause to support a request for actual damages. Accordingly, any suggestion by Mr. Smolinski that he is entitled to actual damages are specious and should be dismissed pursuant to FRCP 12(b)(6).

## ARGUMENT

### A. Defendants' Offer of Judgment and Plaintiff's subsequent rejection of Defendants' Offer of judgment Divests this Court of Subject Matter Jurisdiction such that this matter should be dismissed pursuant to FRCP 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) states that Court lacks the requisite subject matter jurisdiction to hear the matter. In the present litigation, Plaintiff, by rejecting Defendants' Offer of Judgment for the maximum statutory amount plus attorneys' fees at the discretion of

this Court, has mooted his own claim under for a violation of the FDCPA and has divested this Court of subject matter jurisdiction. There is precedent to dismiss an FDCPA claim when a Defendant has made an offer of judgment for the statutory limits under the FDCPA and that offer was rejected. In *Kuhne v. Law Offices of Timothy E. Baxter & Associates*, Defendant offered the FDCPA statutory limits under 15 U.S.C. § 1692(a)(2)(A) as well as reasonable attorneys' fees as determined by the Court. Plaintiff did not respond to the offer and the Court dismissed the action holding "[W]hen a defendant tenders all that a plaintiff could recover if his or her claim were fully litigated, a justiciable case or controversy no longer exists and the case should be dismissed for lack of subject matter jurisdiction." *Kuhne v. Law Offices of Timothy E. Baxter & Associates*, 2009 WL 861244, *1 (E.D.Mich., March 27, 2009)(J.O'Meara); *see also Rand v. Monsanto*, 926 F.2d 596 (7th Cir. 1991)(a non-FDCPA matter which states that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate .. and a plaintiff who refuses to acknowledge this loses outright, under FRCP 12(b)(1), because he has no remaining stake."). A true and accurate copy of *Kuhne v. Law Offices of Timothy E. Baxter & Associates* is attached hereto as Exhibit B. Like the Defendant in *Kuhne*, Defendants have offered the statutory limits under the FDCPA and reasonable attorneys' fees as determined by this Court. At present, there is no controversy for the Court to decide as Plaintiff's claim for a violation of the FDCPA has been mooted. Mr. Smolinski does not stand to gain any more than what has been offered to him. Following *Kuhne*, there is no longer a justiciable controversy. Accordingly, this Court lacks subject matter jurisdiction and this matter should be dismissed pursuant to FRCP 12(b)(1).

Similarly, in another FDCPA action, *Thomas v. Simpson & Cybak*, the 7th Circuit upheld a Northern District holding that Plaintiff's FDCPA claims had been mooted by virtue of Plaintiff's

rejection of the Defendant's offer of judgment. The *Simpson* Court *citing Greisz v. Household Bank* (a Truth in Lending and Deceptive Trade Practices matter) in support of their decision to dismiss Plaintiff's FDCPA claim states "… by rejecting an offer that would otherwise make him whole on the claim he brings, the plaintiff "eliminates a legal dispute upon which federal jurisdiction can be based." *Thomas v. Simpson & Cybak*, 244 Fed.Appx. 741 (7th Cir. 2007); *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999); *also citing Gates v. Towery*, 430 F.3d 429, 431-32 (7th Cir.2005). A true and accurate copy of the opinion in *Thomas v. Simpson & Cybak* is attached hereto as Exhibit C.

In the present case, Defendants have offered to pay the full statutory amounts under the FDCPA relating to the single phone call of July 20, 2011, as well as attorneys' fees as determined by this Court.[1] Similar to the Plaintiff in *Simpson*, this payment would make Mr. Smolinski whole and allow the Court to dispose of this matter. Despite the opportunity to conclude this matter, Plaintiff rejected the offer of judgment. Plaintiff wants to continue to litigate this matter after the legal dispute has been eliminated. Such gamesmanship should not be countenanced by this Court as there is no actual controversy in the case before this Court. Following *Rand*, Plaintiff's failure to accept a settlement offer in excess of the statutory limits is fatal to his claim. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

## B. Plaintiff fails to sufficiently allege any claims or facts giving rise to actual damages.

Plaintiff may argue that the existence of a solitary request found in his wherefore clause for actual damages may keep this matter before the Court. Such request should not be countenanced by this Court. While Defendants recognize actual damages are allowable under the FDCPA, Plaintiff

---

[1] Requests for attorneys' fees does not avert mootness. *See Murphy v. Equifax Check Services, Inc.*, 35 F.Supp.2d 200 (D.Conn.1999).

wholly fails to set forth any basis for actual damages, allege any facts giving rise to actual damages, allege any nexus between these alleged actual damages and the complained of alleged FDCPA violation or even define what the actual damages are related to such that Defendants could properly respond. All told, Plaintiff's claims for actual damages are woefully underpled and should be dismissed pursuant to FRCP 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510 (7th Cir.1990). In resolving a Rule 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the nonmoving party. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir.2006). However, dismissal is warranted under Rule 12(b)(6) where the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 726 (7th Cir.1998). As set forth above, taking all of Mr. Smolinski's allegations as true, there is not a single fact that supports a claim for actual damages.

The burden is on the plaintiff to show the link between the debt collector's conduct and the actual damages suffered by Plaintiff. *See Thomas v. Simpson & Cybak*, 244 Fed. Appx. at 744 This burden requires something more than simple conclusory statements by Plaintiff. *Clodfetter v. United Processing, Inc.*, 2008 WL 4225557; *Tallon v. Lloyd & McDaniel*, 497 F.Supp. 2d 847. The 7th Circuit has "maintained a strict standard for a finding of emotional damage because they are so easy to manufacture." *Sarver v. Experian Information Solutions*, 390 F.3d 969(7th Cir. 2004). It is required that that "when the injured party's own testimony is the only proof of emotional damages, [s]he must explain the circumstances of [her] injury in reasonable detail; [s]he cannot rely on mere conclusory statements." *Ruffin-Tomkins v. Experian Information Solutions*, 422 F.3d 603 (7th Cir. 2005); *see also Wantz v. Experien Information Solutions*, 386

F.3d 829 (7th Cir.2004); *adopted and applied to FDCPA by Carlile v. North American Asset Services, LLC* 2010 WL 5125846 (C.D.Ill.December 09, 2010)(J.McDade).

The failings of Plaintiff's complaint are more evident when compared to *Clodfetter*, *Tallon* and *Ruffin-Tomkins*. In each of those matters, Plaintiffs, at the very least, attempted to claim a basis for their actual damages - albeit in a conclusory manner which was ultimately rejected by the Court. Here, Plaintiff does even less. This is a very simple FDCPA claim based on a single phone call with respect to a debt.[2] Mr. Smolinski does not make a single allegation, conclusory or otherwise, which would allow this Court to conclude that actual damages are warranted in this matter. Instead, he makes a solitary request in his 'wherefore' clause for these damages. Simply, Plaintiff's request is unsupported and thereby insufficient. Accordingly, to the extent that Plaintiff argues that his rejection of the Offer of Judgment does not render this matter moot on his belief that the issue of actual damages is still before this Court, Defendants respectfully request that such claims for actual damages be dismissed with prejudice pursuant to FRCP 12(b)(6).

## CONCLUSION

For the reasons set forth above, Defendants Michael Oppenheimer (registered alias of Tony Renteria) and Weinerman and Associates, LLC respectfully request that this Court dismiss Plaintiff's claims pursuant to FRCP 12(b)(1) as the Fair Debt Collections Practices Act claims are moot such that the Court now lacks subject matter jurisdiction and dismiss any allegations

---

[2] Defendants do not agree that a single call even rises to the level of warranting actual damages. Such minimal contact does not constitute harassment under the FDCPA. *See, e.g., Udell v. Kansas Counselors, Inc.,* 313 F.Supp.2d 1135, 1143-44 (D. Kan. 2004)( "In this case, [defendant] simply placed four telephone calls to plaintiffs over the course of seven days and chose not to leave a message. There is nothing harassing, oppressive, or abusive about this conduct. Certainly, it does not fall within the realm of the other types of egregious conduct specifically prohibited by §1692d")

and/or request for actual damages with prejudice pursuant to FRCP12(b)(6), thereby terminating this matter.

Date: December 30, 2011

MICHEL OPPENHEIMER and
WEINERMAN & ASSOCIATES, LLC


/s/ Troy Sphar
One of their Attorneys

Joseph Kincaid (ARDC: 6202639)
Troy M. Sphar (ARDC: 6278497)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312) 321-9100

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 30, 2011, a copy of the foregoing **Defendants' Memorandum in Support of their Motion to Dismiss** was filed with the Clerk of the Court of the Northern District of Illinois electronically, notice of which will be sent by operation of the Court's electronic filing system.

By: /s/ Troy Sphar_____

Troy Sphar

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD SMOLINSKI** | ) | **Case No. 11 CV 7005** |
| | ) | |
| **Plaintiff,** | ) | **Honorable Joan B. Gottschall** |
| **v.** | ) | |
| | ) | |
| **MICHAEL OPPENHEIMER and** | ) | |
| **WEINERMAN & ASSOCIATES, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS'S MICHAEL OPPENHEIMER (REGISTERED ALIAS OF ANTHONY RENTERIA) AND WEINERMAN & ASSOCIATES, LLC OFFER OF JUDGMENT

Pursuant to Fed. R. Civ. P. 68, Defendants Michael Oppenheimer (registered alias of Anthony Renteria and Weinerman & Associates, LLC (hereinafter collectively referred to as "Defendants"), by counsel, SWANSON, MARTIN & BELL, LLP hereby offer to allow judgment to be taken against said Defendants and in favor of Plaintiff Donald Smolinski ("Plaintiff") in the total amount of ONE THOUSAND, ONE and 00/100 DOLLAR ($1,001.00), and reasonable attorneys' fees as determined by this Court, in full settlement of all claims. This Offer of Judgment is made for the purposes specified in Fed. R. Civ. P.68, and is not to be construed as an admission of any kind.

You are further notified that if this offer is not accepted as provided in Fed. R. Civ. P. 68 within fourteen (14) days from the date of service of this offer upon you, this offer will be deemed automatically withdrawn. Thereafter, as provided by the rule, in the event you fail to obtain a more favorable verdict, you may then be responsible for the Defendants' court costs and attorney's fees, if any be allowed, incurred from the day you fail to accept this offer.

Date: December 22, 2011

MICHEL OPPENHEIMER and
WEINERMAN & ASSOCIATES, LLC

_____
One of their Attorneys

Joseph Kincaid (ARDC: 6202639)
Troy M. Sphar (ARDC: 6278497)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312) 321-9100

## CERTIFICATE OF SERVICE

Troy Sphar, an attorney, hereby certifies that he caused a copy of the foregoing **Defendants' Offer of Judgment** to be served on December 22, 2011 via electronic mail and U.S. Mail, first class, postage prepaid, upon the following:

Richard J. Meier
53 W. Jackson Street, Suite 322
Chicago, Illinois 60604

By: _____
Troy Sphar

# EXHIBIT B

Slip Copy, 2009 WL 861244 (E.D.Mich.)
**(Cite as: 2009 WL 861244 (E.D.Mich.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
Dawna KUHNE, Plaintiff,
v.
LAW OFFICES OF TIMOTHY E. BAXTER AND
ASSOCIATES, P.C., a professional corporation, Defendant.

No. 08-14088.
March 27, 2009.

Gary D. Nitzkin, Nitzkin Assoc., Southfield, MI, for
Plaintiff.

Timothy E. Baxter, Timothy Baxter & Assoc., Farmington Hills, MI, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION
### TO DISMISS
JOHN CORBETT O'MEARA, District Judge.
**\*1** Before the court is Defendant's motion to
dismiss, filed December 29, 2008. Plaintiff submitted
a response on January 21, 2009. Defendant filed a
reply brief on February 2, 2009. Pursuant to L.R.
7.1(e)(2) (E.D.Mich.1998), the court did not hear oral
argument and will determine this matter on the briefs.

### BACKGROUND FACTS
Plaintiff filed this action on September 23, 2008,
alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(2). Specifically, Plaintiff contends that Defendant violated the
Act by communicating directly with Plaintiff in an
attempt to collect a debt when it knew she was represented by counsel. As Plaintiff notes in her complaint,
she is entitled to $1,000 in statutory damages if she
prevails, plus reasonable attorney fees. See 15 U.S.C.
§ 1692k(a)(2)(A). She requests a judgment against
Defendant "in the amount of $1,000 plus costs, interest and reasonable attorneys fees." See Compl. Plaintiff does not allege actual damages.

Defendant contends that it served an offer of
judgment on Plaintiff pursuant to Fed.R.Civ.P. 68 on
December 9, 2008. The offer of judgment included
$1,000 in statutory damages, $350 in costs, and
"reasonable attorney's fees as determined by the
Court." Def.'s Ex. A. Plaintiff did not accept the offer
within ten days as allowed under the rule. Defendant
then moved to dismiss the complaint, asserting that,
because it offered Plaintiff the maximum amount
recoverable in this suit, there is no longer a live case or
controversy between the parties and the court lacks
subject matter jurisdiction.

### LAW AND ANALYSIS
In response to Defendant's motion, Plaintiff contends only that she did not receive the offer of judgment, because it was sent to the wrong address. Defendant admits that the address was incorrect, but
notes that the envelope was not returned by the post
office. Moreover, it is undisputed that Plaintiff was
served with the offer of judgment as of December 29,
2008, because it was attached to Defendant's motion.
Plaintiff has made no attempt to accept the offer of
judgment.

Article III of the United States Constitution limits
the judicial authority of the federal courts to "cases"
and "controversies." U.S. Const. Art. III, § 2. Because
of this constitutional limitation on judicial power, a
federal court lacks subject matter jurisdiction over an
action unless it presents an actual case or controversy.
See United States Nat'l Bank of Oregon v. Independent
Ins. Agents of America, 508 U.S. 439, 446, 113 S.Ct.
2173, 124 L.Ed.2d 402 (1993). The case or controversy requirement persists throughout the litigation; to
sustain jurisdiction, "the parties must continue to have
a 'personal stake in the outcome' of the lawsuit."
Lewis v. Continental Bank Corp., 494 U.S. 472, 477,
110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (citations
omitted).

"[W]hen a defendant tenders all that a plaintiff
could recover if his or her claim were fully litigated, a
justiciable case or controversy no longer exists and the
case should be dismissed for lack of subject matter
jurisdiction." Murphy v. Equifax Check Serv., Inc.,
35 F.Supp.2d 200, 203 (D.Conn.1999) (citing Abrams
v. Interco, Inc., 719 F.2d 23 (2d Cir.1983)). See also

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 861244 (E.D.Mich.)
**(Cite as: 2009 WL 861244 (E.D.Mich.))**

*Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate .. and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Zimmerman v. Bell,* 800 F.2d 386, 390 (4th Cir.1986) ("[F]ederal courts do not sit simply to bestow vindication in a vacuum.").

**\*2** It is undisputed that Defendant has offered Plaintiff all she could recover if she were to prevail at trial. Accordingly, the court will dismiss this action for lack of subject matter jurisdiction and enter judgment against Defendant in accordance with its offer of judgment. The court will retain jurisdiction to determine the amount of reasonable attorney's fees incurred by Plaintiff. *See Murphy,* 35 F.Supp.2d at 205 (dismissing action pursuant to offer of judgment but retaining jurisdiction to determine reasonable attorney fee under FDCPA); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y.2000) (same).

### *ORDER*
IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED, consistent with this opinion and order.

E.D.Mich.,2009.
Kuhne v. Law Offices of Timothy E. Baxter and Associates, P.C.
Slip Copy, 2009 WL 861244 (E.D.Mich.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT C

244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.)))**

**H**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Seventh Circuit Rule 32.1. (Find CTA7 Rule 32.1)

United States Court of Appeals,
Seventh Circuit.
Frank THOMAS, Plaintiff-Appellant,
v.
LAW FIRM OF SIMPSON & CYBAK, et al., Defendants-Appellees.

No. 06-3732.
Submitted July 25, 2007.<u>FN*</u>

FN* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Decided July 25, 2007.
Rehearing En Banc Denied Sept. 7, 2007.<u>FN**</u>

FN** Judge Rovner took no part in the consideration of this case.

**Background:** Consumer who defaulted on scheduled payments for automobile sued law firm that represented seller in state court proceedings under the Fair Debt Collection Practices Act (FDCPA). After consumer rejected law firm's offer of settlement, law firm moved to dismiss the claim as moot. The United States District Court for the Northern District of Illinois, David H. Coar, J., granted the motion. Consumer appealed.

**Holdings:** The Court of Appeals held that:
(1) rejection of settlement offer rendered FDCPA claim moot;

(2) settlement offer was admissible for limited purpose of determining jurisdiction;
(3) district court order allowing two attorneys for law firm to appear nunc pro tunc despite violation of local rules was not abuse of discretion; and
(4) appellate court lacked jurisdiction to review denial of motion to vacate judgment.

Affirmed in part, and dismissed in part.

See also, 2006 WL 2037329.

West Headnotes

**[1] Federal Courts 170B 13**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk12 Case or Controversy Requirement
            170Bk13 k. Particular Cases or Questions, Justiciable Controversy. Most Cited Cases

Consumer's rejection of law firm's $5,000 offer to settle Fair Debt Collection Practices Act (FDCPA) claim arising from default on scheduled payments for automobile rendered that claim moot; consumer had admitted that there was no relationship between his actual damages from the loss of use and enjoyment of the vehicle or his emotional damages arising from state court proceedings and the alleged FDCPA violation, and thus the claim was worth no more than $1,000 in statutory damages plus costs. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.

**[2] Evidence 157 213(1)**

157 Evidence
   157VII Admissions
      157VII(A) Nature, Form, and Incidents in General
         157k212 Offers of Compromise or Settlement
            157k213 In General
               157k213(1) k. In General. Most Cited Cases

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.)))**

Law firm's offer to settle Fair Debt Collection Practices Act (FDCPA) claim was admissible in consumer's federal action for the limited purpose of determining jurisdiction. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.; Fed.Rules Evid.Rule 408, 28 U.S.C.A.

[3] **Attorney and Client 45 ⬥⟶10**

45 Attorney and Client
    45I The Office of Attorney
        45I(A) Admission to Practice
            45k10 k. Admission of Practitioners in Different Jurisdiction. Most Cited Cases

District court's decision to allow two attorneys for law firm to appear nunc pro tunc in Fair Debt Collection Practices Act (FDCPA) litigation after they filed an appearance form that did not conform to local rules was not abuse of discretion. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.

[4] **Federal Courts 170B ⬥⟶668**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(E) Proceedings for Transfer of Case
            170Bk665 Notice, Writ of Error or Citation
            170Bk668 k. Time for Filing in General. Most Cited Cases

Where denial of motion to vacate judgment dismissing defendants in Fair Debt Collection Practices Act (FDCPA) lawsuit covered a claim that was not subject to remand, notice of appeal had to be brought within 30 days of the denial. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A.; F.R.A.P.Rule 4(a)(1), 28 U.S.C.A.

*742 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 00 C 8211. David H. Coar, Judge.Frank Thomas, Matteson, IL, for Plaintiff-Appellant.

Dean Gournis, Kaplan, Papadakis & Gournis, Linda B. Dubnow, McGuirewoods, Patricia M. Noonan, Alholm, Monahan, Klauke, Hay & Oldenbur, Chicago, IL, for Defendants-Appellees.

Before Hon. WILLIAM J. BAUER, Circuit Judge, Hon. RICHARD D. CUDAHY, Circuit Judge, Hon. MICHAEL S. KANNE, Circuit Judge.

**ORDER**

**1 Frank Thomas sued the law firm of Simpson & Cybak ("Simpson") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. After Thomas rejected its offer of settlement, Simpson moved to dismiss his claim as moot. The district court granted the motion, and Thomas appeals.

This case-now in its seventh year of litigation-stems from Thomas's failed purchase of a Chevrolet Blazer. After he missed scheduled payments, General Motors Acceptance Corporation ("GMAC"), through its attorneys at Simpson, sued Thomas in Illinois state court to recover the Blazer. Thomas then sued GMAC, Simpson, and several of their employees in federal court, alleging that they violated the FDCPA when they failed to send him a debt validation notice within five days of their initial communication advising him of his rights as a debtor. The district court dismissed his complaint for failure to state a claim. After hearing Thomas's appeal *en banc,* we reversed the court's dismissal of Thomas's claim against Simpson, remanded that claim only, and left intact the judgment of dismissal as to the remaining defendants, including GMAC. See *Thomas v. Law Firm of Simpson & Cybak, et al.,* 392 F.3d 914 (7th Cir.2004).

Six months later Thomas moved under Federal Rule of Civil Procedure 60(b) to vacate the district court's judgment dismissing his claims against GMAC-the same judgment that we had left intact. The court construed Thomas's motion as alleging fraud on the court, and accordingly concluded that it was not subject to Rule 60(b)'s one-year limit. The court nonetheless denied the motion on the merits, finding no evidence to support Thomas's allegations that GMAC's attorneys had made false statements to the court. Thomas did not appeal the court's decision on this post-judgment motion within 30 days of its entry.

Meanwhile, as the remanded claim against Simpson proceeded, an attorney for Simpson took Thomas's deposition. When asked to describe his

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.)))**

actual damages, Thomas said only that he had lost the "use and enjoyment" of the Blazer. Furthermore, he admitted that this loss had "no relationship" to the FDCPA claim against Simpson, though he objected to the relevance of this admission. Consistent with this admission, he later stated that he would not have been able to make payments*743 on and acquire the Blazer even if Simpson had complied with the FDCPA.

Soon thereafter Simpson served Thomas with an offer of judgment, *see* Fed.R.Civ.P. 68, in the amount of $5,000 plus costs, and when he rejected the offer, it moved to dismiss his claim as moot. Relying on Thomas's sworn concession that there was no relationship between the alleged FDCPA violation and his only identified damages-the loss of use and enjoyment of the Blazer-Simpson reasoned that all Thomas could hope to recover at trial was $1,000 in statutory damages plus costs. The district court agreed, but recognized that Thomas may not have understood the implications of his refusal to accept the offer. It thus denied the motion without prejudice to give Thomas the chance to consider a renewed settlement offer in light of the court's conclusion that for him to reject the offer would render his claim moot. Simpson renewed its offer, and when Thomas again rejected it, the court dismissed his claim with prejudice. Thomas appeals both the dismissal and the court's denial of his motion to vacate the judgment against GMAC.

**2 On appeal Thomas first argues that the district court erred in determining that his rejection of Simpson's settlement offer rendered his FDCPA claim moot. Our review of the court's Rule 12(b)(1) dismissal order is *de novo, see Kikalos v. United States,* 479 F.3d 522, 525 (7th Cir.2007), but we review the court's "resolution of jurisdictional factual issues for abuse of discretion," *see Sapperstein v. Hager,* 188 F.3d 852, 856 (7th Cir.1999). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chi.,* 29 F.3d 1145, 1147 (7th Cir.1994). A plaintiff may lose his personal interest in the suit if he rejects a defendant's offer to settle a claim for more than the plaintiff could recover by proceeding to trial. *Greisz v. Household Bank,* 176 F.3d 1012, 1014-15 (7th Cir.1999); *Holstein,* 29 F.3d at 1147. In other words, by rejecting an offer that would otherwise

make him whole on the claim he brings, the plaintiff "eliminates a legal dispute upon which federal jurisdiction can be based." *Greisz,* 176 F.3d at 1015; *see Gates v. Towery,* 430 F.3d 429, 431-32 (7th Cir.2005).

Thomas, however, wants money for actual damages beyond the $5,000 that Simpson offered him. (He also demands punitive damages, but that remedy is not available under the FDCPA and is therefore not part of the case, *see* 15 U.S.C. § 1692k(a)(1); *Randolph v. IMBS, Inc.,* 368 F.3d 726, 728 (7th Cir.2004).) He admits, though, that he cannot link those damages to the only claim he has pending-the alleged FDCPA violation. This admission is highly relevant because only losses flowing from an FDCPA violation are recoverable as actual damages. *See* 15 U.S.C. § 1692k(a)(1); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 404 (6th Cir.1998). Because of this admission, this case is remarkably similar to *Greisz,* where the plaintiff, after receiving what she thought was an overcharge on her credit card bill, sued Household Bank alleging that it had not made required disclosures under the Truth in Lending Act. *See* 176 F.3d at 1014. After the plaintiff rejected the bank's Rule 68 offer of $1,200 in statutory damages plus costs, the district court dismissed the suit as moot. *Id.* On appeal we noted that the bank's offer of judgment did not take into account the plaintiff's claim that the credit card overcharge caused her emotional distress. But because the alleged Truth in Lending Act violation was unrelated to the overcharge or the emotional distress that resulted from it, we concluded that the bank "was offering her more than her claim was worth to her in a pecuniary sense." *744Id.* at 1014-15. We thus agreed with the district court that the offer rendered the plaintiff's claim moot.

[1] This is an even stronger case for mootness than *Greisz.* Thomas actually admitted in his deposition that "there is no relationship" between what he swore were his actual damages-the loss of use and enjoyment of the Blazer-and the alleged FDCPA violation-Simpson's purported failure to send a timely validation notice.[N] Because Thomas admits that this loss is unrelated to the only claim he has pending against Simpson, the maximum that Thomas can link to his pending claim is $1,000 plus costs. *See* 15 U.S.C. § 1692k(a)(1). Thus the district court did not abuse its discretion in determining that the $5,000

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.)))**

offer was more than Thomas could obtain from Simpson by proceeding to trial, and because "you cannot persist in suing after you've won," *Greisz,* 176 F.3d at 1015, the court properly concluded that a live controversy no longer exists.

> FN1. Thomas argues that we should not consider his deposition testimony because, he says, the district court never ruled on his relevance objection to Simpson's questions about actual damages. The court referenced his objection, and although it did not explicitly render a ruling, it obviously concluded that the testimony was relevant because it relied on Thomas's answers to determine that subject matter jurisdiction was lacking. And because Thomas's testimony is central to the question of mootness, the court's relevance determination was not an abuse of discretion.

**\*\*3** Nonetheless, in arguing that a live controversy persists, Thomas asserts in his brief that he seeks $20,000 "for extreme embarrassment and humiliation." But when asked at his deposition what caused his embarrassment and humiliation, he did not attribute that injury to Simpson's alleged FDCPA violation either. Rather, he explained that one of Simpson's attorneys elicited from a GMAC employee during the state proceedings testimony that embarrassed Thomas, and that another Simpson attorney sent him a letter that distressed him during those proceedings. Thus Thomas's own testimony demonstrates that, like the loss of use and enjoyment of the Blazer, he does not regard the asserted emotional damages as arising from Simpson's alleged FDCPA violation. As a result, this is not a case where the defendant simply has offered everything that the *defendant* admits is related to a claim, *see Gates,* 430 F.3d at 431-32, but rather a case where it has offered everything that the *plaintiff* has admitted is related to the claim. This renders the claim moot.

[2] Thomas next argues that the district court should not have considered the settlement offer because, he says, that evidence is inadmissible under Federal Rule of Civil Procedure 68. Rule 68 states that "[a]n offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs." But the offer was admissible under Federal Rule of Evidence 408,

which states that "conduct or statements made in compromise negotiations" are admissible unless offered "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Rule 68 is construed in harmony with Rule 408. *Cf.* Fed.R.Evid. 408, Advisory Committee Notes (noting that the same policy of encouraging settlement underlies both rules). The district court had broad discretion to admit evidence under Rule 408 for a purpose other than proving liability, *see Zurich Am. Ins. Co. v. Watts Indus., Inc.,* 417 F.3d 682, 689 (7th Cir.2005), and it did not abuse that discretion here, where it considered the offer for the limited purpose of determining jurisdiction, *see Greisz,* 176 F.3d at 1014; *Rand v. Monsanto Co.,* 926 F.2d 596, 597-98 (7th Cir.1991).

**\*745** [3] Thomas also raises a frivolous challenge to the district court's order allowing two attorneys for Simpson to appear *nunc pro tunc* after they filed an appearance form that did not conform to the local rules. But the decision to forgive a violation of the local rules is squarely within the district court's discretion, *see Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir.1995), and Thomas has not explained why he believes the court abused its discretion here.

[4] Finally, Thomas argues that the district court erroneously denied his Rule 60(b) motion to vacate its judgment dismissing the GMAC defendants. But Thomas waited to appeal the order until after the court dismissed his claim against Simpson-more than two months after the court denied his motion to vacate. The court's ruling on his Rule 60(b) motion covered a claim that was not subject to the remand. It therefore was a separate, post-judgment order, immediately appealable after the court denied it. *See Goffman v. Gross,* 59 F.3d 668, 673 (7th Cir.1995); Moore's Federal Practice § 60.68[1] (3d ed. 2006). Because he filed a notice of appeal outside the 30-day limit, we lack jurisdiction to review the denial of his 60(b) motion. *See* Fed. R.App. P. 4(a)(1); *United States v. Hirsch,* 207 F.3d 928, 930 (7th Cir.2000).

**\*\*4** Thomas's challenge to the denial of his motion to vacate the judgment against GMAC is DISMISSED for lack of jurisdiction, and in all other respects we AFFIRM.

C.A.7 (Ill.),2007.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.)))**

Thomas v. Law Firm of Simpson & Cybak
244 Fed.Appx. 741, 2007 WL 2126270 (C.A.7 (Ill.))

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.