**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Donald Smolinski, | Case No. 1:11-CV-7005 |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| Michael Oppenheimer, et al. | |
| Defendants. | |

Now comes Plaintiff Donald Smolinski, by and through his attorneys, and respectfully submits his opposition to Defendants' Motion to Dismiss.

I – <u>INTRODUCTION</u>

Defendants seek to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by arguing that Plaintiff is unable to establish actual damages under the Fair Debt Collection Practices Act ("FDCPA"). However, Defendants' fail to support their Motion with any applicable case law and, the cases they do cite, are completely distinguishable. Unlike in the cases Defendants' cited, Plaintiff's actual damages are directly and proximately related to Defendants' violations of the FDCPA, and the relief sought specifically requests "actual damages, as determined at trial." Further, Defendants' attempt to use Federal Rule of Civil Procedure 12(b)(6) to attack one aspect of the Complaint while conceding that the remainder is sufficient, this improper and cannot form the basis to dismiss the entire Complaint.

II – <u>STATEMENT OF RELEVANT FACTS</u>

On October 4, 2011, Plaintiff filed the above-captioned matter for violations of the FDCPA that stemmed from a telephone conversation between Plaintiff and Defendants in July.[1] In that conversation, Defendants represented to Plaintiff that he had committed a "first payment

---

[1] Plaintiff Affidavit ¶ 1. (Attached as Exhibit A).

1

defaultö regarding a debt that Defendant was trying to collect, and threatened that this could result in öjail timeö and other ösevere penalties.ö[2] As a direct and proximate result of Defendantsø threats, Plaintiff became shocked, worried, anxious, depressed, lost concentration at school that affected his grades, and lost happiness and peace of mind.[3]

In December 2011, Defendants served Plaintiff with an Offer of Judgment (öOOJö) pursuant to Federal Rule of Civil Procedure 68 that provided $1,001 plus reasonable attorney fees and costs then accrued; the OOJ appears to value Plaintifføs emotional and mental duress at $1; which Plaintiff disagrees with and, accordingly, rejected. Now, Defendantsø have filed a Motion to Dismiss this case and, essentially, compel Plaintiff to accept the OOJ by arguing that Plaintiff is unable to show that he is entitled to more than $1 of actual damages.[4] Plaintiff disagrees with the valuation of his actual damages and timely files his Response in Opposition to Defendantsø Motion.

III ó <u>LAW AND DISCUSSION</u>

### A – The Court's Jurisdiction Over This Matter Did Not Divest Because Plaintiff Suffered Actual Damages The Could Reasonably Be Valued In Excess of $1.

In the above-captioned matter, Defendantsø served on Offer of Judgment that provided Plaintiff the maximum $1,000 of statutory damages and valued Plaintifføs actual damages at $1. Plaintiff disagreed with the valuation of his actual damages and, therefore, rejected the Offer. Thereafter, Defendantsø filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and argue that Plaintiff ömootedö his own claim, thereby divesting this Court of its jurisdiction over this matter. In support of their position, Defendantøs cite to *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. Appx. 741 (7th Cir. 2007) and *Kuhne v. Law Offices*

---

[2] *Id.* at ¶ 2.
[3] *Id.*
[4] *See* Defendantsø Motion to Dismiss (Docket # 22).

*of Timothy E. Baxter & Associates*, 2009 WL 861244 (E.D. Mich., March 27, 2009) but both cases are distinguishable and inapplicable to the case at hand.

Under the FDCPA, a successful plaintiff is entitled to recover statutory damages up to $1,000; actual damages sustained as a result of the defendant's conduct; and the costs of the action plus reasonable attorney's fees. 15 U.S.C. § 1692k. Damages recoverable as "actual damages" under the statute include "damages for personal humiliation, embarrassment, mental anguish, [and] emotional distress..." *Staff Commentary on the FDCPA*, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability). *See also*, *McNally v. Client Services, Inc.*, 2008 WL 2397489 (W.D. Pa 2008). Typical damages that are compensable under the FDCPA include crying, *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864 (D.N.D. 1981), loss of sleep, *Boyce v. Attorney's Dispatch Service,* 1999 U.S. Dist. LEXIS 12970 (W.D. Ohio 1999), anxiety, nervousness, fear, worry, loss of happiness, *Thomas v. National Business Assistants, Inc.*, 1984 WL 585309 (D. Conn. 1984), emotional or mental distress, *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991), loss of appetite, *Crossley v. Lieberman,* 90 B.R. 682 (1988), aggravation of medical conditions, *Bundren v. Superior Court*, 145 Cal App. 3d 784 (1983), as well as other non-physical and physical injuries. And, an FDCPA plaintiff does not need to satisfy the state's elements of intentional infliction of emotional distress to recover actual damages. *Gerber v. Citigroup, Inc.*, 2009 WL 248094 (E.D. Cal. 2009); *see also Panahiasl, et al. v. Gurney*, 2007 WL 738642 (N.D. Cal. 2007); *Davis v. Creditors Interchange Receivable Management, LLC*, 585 F. Supp.2d 968, 970-973 (N.D. Ohio 2008).

In *Kuhne*, the first case cited by Defendant, the plaintiff asserted a claim for violations of the FDCPA that only requested statutory damages plus reasonable attorney fees and costs; no actual damages. After the defendant tendered an offer of judgment that provided for all the relief sought, which plaintiff rejected, the court granted defendant's motion to dismiss under Federal

Rule of Civil Procedure 12(b)(1) on the rationale that the plaintiff did not ask for actual damages and, therefore, was not entitled to any. Once again, Defendant's reliance on *Kuhne* is misplaced because, here, the Complaint clearly seeks judgment that includes "actual damages, as determined at trial."[5] Therefore, the rationale the court used in *Kuhne* to dismiss the case is inapplicable to the case at hand, and Defendant's Motion should be denied.

In *Thomas*, the other case cited by Defendant, the court held that the plaintiff's FDCPA claims were mooted when Plaintiff rejected an offer of judgment that provided for $5,000 of actual damages despite the plaintiff's admission that none of the actual damages he suffered were linked to defendant's violations of the FDCPA. *Thomas*, 244 Fed.Appx. at 743. In the case at hand, however, Defendant's Offer only provided for $1 of actual damages <u>and</u> Plaintiff attested, through Affidavit, that the actual damages he suffered were directly and proximately caused by Defendants' callous violations of the FDCPA.[6] As such, Defendants' reliance on *Thomas* is misplaced.

For purposes of illustration as to actual damages, in the recent case of *Taylor v. National credit Works*, ILND Case No. 11-C-4279, Judge Kenelly determined that $20,000 was a reasonable award for emotional distress arising out of a collection agency's false representation it would file a lawsuit against the plaintiff, and notified the plaintiff's employer that there was a court date within a couple days that the plaintiff had to appear at. Also, in *Bryant v. Sterling & Seymour, LLC*, Judge Aspen from the Northern District of Illinois determined that $50,000 was a reasonable award for actual damages arising out of a collection agency falsely representing themselves to be a law firm, and who threatened to serve Plaintiff with a summons along with freezing her bank accounts. Although these judgments were the result of defaults, they were still subject to judicial prudence.

---

[5] Complaint, p. 3 (Docket #1)
[6] *See* Plaintiff's Affidavit.

As demonstrated above, Plaintiff adequately presented a claim for actual damages that could reasonable exceed $1 and, therefore, his rejection of Defendants' Offer of Judgment, does not divest this Court of Jurisdiction over this matter. Accordingly, Defendant's Motion must be denied.

### B –Contrary To Defendant's Argument, The Complaint Adequately Sets Forth Multiple Facts That Support A Claim For Actual Damages And, Therefore, Defendants' Motion Must be Denied.

In their Motion, Defendants make the secondary argument that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to "allege any facts giving rise to actual damages."[7] Under Federal Rule of Civil Procedure 12(b)(6), a party may move the court to dismiss a complaint, at any time, for failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the court "must accept as true all well-pleaded factual allegations in the claim, and draw all reasonable inferences in the light most favorable to the nonmoving party." *Sherwin-Williams*, 165 F.Supp.2d at 803 (*citing* Gutierrez v. Peters, 111 F.3d 1364, 1368-69 (7th Cir. 1997). Dismissal is appropriate <u>only if it appears beyond doubt</u> that the nonmoving party can prove no set of facts that would entitle the nonmoving party to the relief requested in the complaint. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (emphasis added). In its Motion, Defendant argues that, although the Complaint is sufficient to establish a claim for statutory damages, it fails to allege a claim for actual damages.[8] In essence, Defendant seeks to apply Federal Rule of Civil Procedure 12(b)6) to only a portion of the Complaint; this is improper. The Complaint must be taken as a whole.

A mere cursory review of the Complaint is sufficient to establish that it contains specific and explicit factual allegations (i.e. specific language and threats that Defendant made towards Plaintiff during the collection, or attempted collection of the debt), which are sufficient to cause

[7] Defendants' Motion to Dismiss p. 5.
[8] *Id.*

a reasonable juror to make the inference of the actual damages Plaintiff suffered, which are detailed in the supporting affidavit.[9] As such, Defendant's strained attempt to have this Court dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6) must be denied.

IV – <u>CONCLUSION</u>

Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss. The Complaint clearly establishes violations of the FDCPA and, along with the attached Affidavit, supports an award of actual damages greater than $1, as provided for in Defendant's Offer of Judgment. Moreover, Defendant failed to cite a single case to would be applicable to the case at hand, and which would support the granting of their Motion. Further, Defendant's attempt to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) should likewise be denied as the Complaint makes specific factual allegations that are sufficient for a reasonable juror to award actual damages in excess of the $1 that was included in Defendant's Offer. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED,

Meier LLC

By:___*/s/ Richard J. Meier*__
    Richard J. Meier
    53 W. Jackson Blvd, Suite 709
    Chicago, IL 60604
    Tel: 312.242.1849
    Fax: 312.242.1841
    Richard@meierllc.com
    *Attorney for Plaintiff*

---

[9] *See* Complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that, January 25, 2011, a copy of the foregoing Notice was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


*/s/ Richard J. Meier*