# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD SMOLINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| MICHAEL OPPENHEIMER and | ) | Case No. 11 C 7005 |
| WEINERMAN & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

On October 4, 2011, Plaintiff Donald Smolinski ("Smolinski") filed this action against Defendants Michael Oppenheimer and Weinerman & Associates, LLC (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendants have moved to dismiss Smolinski's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim pursuant to Rule 12(b)(6). For the reasons stated below, the court denies Defendants' motion.

### I. BACKGROUND

This case arises from a debt collection telephone call that Smolinski allegedly received from Defendants. (Pl.'s Compl. ¶¶ 11-16.) Smolinski alleges that in this call Defendants threatened him with a lawsuit, criminal prosecution, jail time, and other "severe penalties" for failing to pay the debt, and that these threats and misrepresentations both damaged him and violated the FDCPA. (*Id.*) In the complaint, he clearly requests both FDCPA statutory damages of $1,000 and unspecified actual

damages. (*Id.* at ¶ 30.) On December 22, 2011, Defendants made an offer of judgment to Smolinski, pursuant to Rule 68, which amounted to $1,001 (the maximum FDCPA statutory damages plus one dollar) and reasonable attorney's fees as determined by this court. (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Ex. A, ECF No. 23.) Smolinski rejected this offer through counsel. (*Id.* at 1-2.)

Defendants moved to dismiss Smolinski's complaint on two alternative grounds: that this court lacks subject-matter jurisdiction because Smolinski's complaint was mooted by his rejection of Defendants' offer of judgment; or, if the court finds that the offer of judgment did not moot the case because it did not cover actual damages, that Smolinski's complaint failed to state a claim for which relief could be granted because the complaint did not plead those damages with specificity. Smolinski's response to Defendants' motion included an affidavit that postdates and was not attached to the complaint. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, Ex. A ("Affidavit"), ECF No. 27.) The affidavit explains that the actual damages alleged in the complaint are damages for emotional distress allegedly caused by Defendants' phone call. (*Id.*)

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12, the court must accept all facts pleaded in the complaint as true, and must draw all reasonable inferences in the plaintiff's favor. *INEOS Polymers, Inc. v. BASF Catalysts*, 553 F.3d 491, 497 (7th Cir. 2009). Pursuant to Rule 12(b)(1), the court must dismiss a complaint if it finds that it has no subject-matter jurisdiction over the case. Where the plaintiff no longer has a personal stake in the case, the court has no subject-matter jurisdiction, because the case is moot. *See Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994).

The court must also dismiss a complaint, pursuant to Rule 12(b)(6), if it finds that the complaint fails to state a claim for which relief can be granted. In general, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Rule 8(a)), and provide sufficient facts to put the defendant on notice "of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation mark omitted) (ellipses in *Twombly*). To survive a motion to dismiss under Rule 12(b)(6), the complaint need not present particularized facts, but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).[1]

### III. ANALYSIS

Defendants first argue that Smolinski's complaint must be dismissed for lack of subject-matter jurisdiction, on the grounds that Smolinski's rejection of their offer of judgment mooted the case. In *Holstein*, the Seventh Circuit held that once a defendant offers to satisfy a plaintiff's entire demand for relief, there is no longer any controversy; therefore, a plaintiff moots his own case if he rejects such an offer. *See* 29 F.3d at 1147 (citing *Monsanto v. Rand Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). Defendants claim that their offer of $1,001 plus attorney's fees would make Smolinski whole. But Smolinski's complaint alleges that he was damaged by Defendants' conduct and requests actual damages in an amount to be determined at trial. (Pl.'s Compl. ¶¶ 17, 30.) Defendants' offer does not include or even purport to include such damages, which means that it does

---

[1] When explicating the pleading standard for a Rule 12(b)(6) motion, both Smolinski and Defendants cite only cases that predate *Twombly* and *Iqbal*, and are therefore inapposite.

not satisfy Smolinski's entire demand for relief and therefore cannot moot Smolinski's claims. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 372-73 (4th Cir. 2012) (holding an FDCPA defendant's offer of $250 or an "amount to be determined by the Court" did not moot the plaintiff's claim because it might not cover the alleged actual damages and was impermissibly conditional); *Queen v. Nationwide Credit, Inc.*, 2010 WL 4006676, at *2-3 (N.D. Ill. 2010) (denying a Rule 12(b)(1) motion in an FDCPA action because the defendant's offer impermissibly limited the attorney's fees that the plaintiffs could collect); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d. 273, 278-79 (S.D.N.Y. 2006) (holding a defendant's offer did not moot an FDCPA action because it did not cover the alleged actual damages); *Ortega v. Collectors Training Inst. of Ill., Inc.*, 2011 WL 241948, at *4 (S.D. Fla. 2011) (holding a defendant's $1,001 offer did not moot an FDCPA action because it did not cover the plaintiff's generally alleged actual damages). Because Defendants' offer of judgment did not satisfy Smolinski's entire demand for relief, the court finds that the claim is not moot, and denies Defendants' motion to dismiss for lack of subject-matter jurisdiction.

Defendants next contend that Smolinski's complaint must be dismissed for failure to state a claim, because it does not allege actual damages with sufficient specificity. As a general rule, a court may not look outside the "four corners" of the complaint when deciding a motion to dismiss. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("[C]onsideration of a motion to dismiss is limited to the pleadings."). But in *Hrubec v. National Railroad Passenger Corp.*, 981 F.2d 962 (7th Cir. 1992), the Seventh Circuit held that a district court may take notice of affidavits attached to a plaintiff's response to a motion to dismiss, as long as the contents merely expand on allegations in

4

the complaint, rather than introducing new allegations or lines of argument. *Hrubec*, 981 F.2d at 963-64; *accord Flying J., Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008) ("[A]dditional facts can be presented as long as they are consistent with the complaint."); *Help at Home, Inc., v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) (A plaintiff may add facts "by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint."). The affidavit attached to Smolinski's response is a paradigmatic example of such an expansion. It merely fleshes out the allegation of actual damages in the complaint, giving Defendants a more detailed picture of the nature and scope of those damages. It does not put forth new arguments or facts inconsistent with the complaint. The court therefore may and does take notice of the affidavit attached to Smolinski's response in deciding this motion.

Smolinski's complaint alleges sufficient facts to put Defendants on notice "of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). It alleges actions that, if proven, would constitute a violation of the FDCPA, and alleges that Smolinski suffered actual damages as a result of that alleged violation. As expanded by the affidavit, it puts Defendants on notice that those actual damages consist of emotional distress, anxiety, confusion, frustration, and anger. (Affidavit ¶¶ 2-4.) These allegations plausibly suggest that Smolinski has a right to the relief requested; no more is necessary at the pleadings stage. *See Concentra Health Servs., Inc.*, 496 F.3d at 776 (citing *Twombly*, 500 U.S. at 569).

However, even if the court could not consider Smolinski's affidavit, it would still not be appropriate to dismiss his complaint merely because his damages were alleged generally. The emotional distress damages pled in Smolinski's complaint are general

5

damages that fall under the same Rule 8 notice pleading standard as the rest of the complaint; they need not be pled with specificity to make out a plausible case that he is entitled to relief, which is all that *Twombly* requires. *See* 500 U.S. at 569. Emotional distress is not merely a "plausible" result of receiving a phone call threatening criminal prosecution and jail time, it is the *desired* result—debt collectors make such threats with the intent of frightening or browbeating the debtor into making payment.

It is true that, without the affidavit, Smolinski's claim of actual damages is largely conclusory. But "conclusory statements are not barred entirely from federal pleadings." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 575-76). When a conclusory statement gives "the defendant sufficient notice to enable him to begin to investigate and prepare a defense," to require more would put the plaintiff to his proof before such evidentiary rigor is proper.[2] *See id.* ("It is difficult to see what more [the plaintiff] could have alleged, without pleading evidence, to support her claim."). Smolinski is not required to plead his actual damages with specificity, and therefore, even without his affidavit, the court would still deny Defendants' motion.

### IV. CONCLUSION

Defendant's motion to dismiss Smolinski's complaint for lack of subject-matter jurisdiction, or, alternatively, for failure to state a claim is denied.

---

[2] Defendants note that the Seventh Circuit maintains "a strict standard for a finding of emotional damage because they are so easy to manufacture." (Defs.' Mem. at 5, citing *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (internal quotation marks omitted).) But a motion to dismiss deals with *allegations,* not *findings*, and plausibility, not proof. *See In re Consol. Indus.*, 360 F.3d 712, 717 (7th Cir. 2004) ("Of course, a judge reviewing a motion to dismiss under Rule 12(b)(6) cannot engage in fact-finding."). In support, Defendants cite only summary judgment and final default judgment opinions which discuss "proof" of emotional damages, but this is not a summary judgment motion, and the plaintiff is not put to his proof at the pleadings stage. *See* (Defs.' Mem. at 5-6); *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a party's *proof* . . . defeats the function of Rule 8.").

ENTER:

    /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 11, 2012